# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

TYRONE HYPOLITE                                        CIVIL ACTION NO. 06-1852

VS.                                                                   SECTION P

TERRY TERRELL, WARDEN                         JUDGE MELANÇON

                                                                      MAGISTRATE JUDGE HILL

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C.

§ 2254 by *pro se* petitioner,  Tyrone Hypolite, on October 16, 2006.[1]   Petitioner is an

inmate in the custody of Louisiana's Department of Public Safety and Corrections,

incarcerated at the, Allen Correctional Center, in Kinder, Louisiana.  Petitioner challenges

his August 26, 2004 conviction for armed robbery, entered in the Sixteenth Judicial

District Court for Iberia Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and

recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing

orders of the court.  For the following reasons it is recommended that the petition be

**DENIED** and **DISMISSED WITH PREJUDICE** because the petition is barred by the

one-year limitation period codified at 28 U.S.C. § 2244(d).

---

[1]The undersigned has given petitioner the benefit of the "mailbox" rule.  Although the petition is not signed by petitioner, the envelope containing the petition is postmarked October 16, 2006.  On the record before this court, that  is the earliest date that petitioner could have handed the petition to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988);  *Spotsville v. Cain*, 149 F.3d 374 (5th Cir. 1998) adopting the rationale of *Houston v. Lack* for *habeas corpus* petitions.

## PROCEDURAL HISTORY

On August 26, 2004, petitioner was found guilty of armed robbery following trial

by jury.  Thereafter, petitioner was sentenced to serve 35 years imprisonment.

Petitioner's motion to reconsider his sentence was denied.

On June 1, 2005 petitioner's armed robbery conviction and sentence were affirmed

by the Louisiana Third Circuit Court of Appeals.[2]  *See State of Louisiana v. Tyrone*

*Hypolite*, 2004-1658 (La. App. 3 Cir. 6/1/2005), 903 So.2d 1275.  It is presumed that

Notice of the Judgment was mailed to petitioner's appellate counsel that date.[3]  On direct

appeal, through court appointed appellate counsel, petitioner argued the following

assignments of error: (1) that there was insufficient evidence to support his conviction;

(2) that the trial court denied petitioner his constitutional right to represent himself at trial;

and (3) that his sentence was excessive.

Petitioner's *pro se* application for writs in the Louisiana Supreme Court was

signed on December 15, 2005. [rec. doc. 9, pg. 3].  The writ application was metered as

mailed on December 28, 2005, and was received by, and filed in, the Louisiana Supreme

---

[2]On error patent review, the Third Circuit found that Petitioner had been charged via Bill of Information with 8 counts – armed robbery, public intimidation, reckless operation, resisting an officer, aggravated flight from an officer, hit and run driving, a headlights violation, and driving without a driver's license.  However, he was tried only on the armed robbery count.  Thus, at trial, the Clerk read only the armed robbery charge to the jury, and following trial petitioner was convicted of that offense only.  The Third Circuit remanded the case for a proper disposition of the remaining seven charges.  *Id*. at 1278.  Thereafter, those charges were apparently dismissed.

[3]The Uniform Rules, Courts of Appeal, Rule 2-17.1 provides, "Notice of judgment of a Court of Appeal shall be ... mailed by the clerk to all counsel of record, and to all parties not represented by counsel." In the absence of any evidence to the contrary, it is presumed that the court followed its own rule and mailed Notice of Judgment to petitioner's appellate counsel on the date the decision was rendered.

Court on March 17, 2006. [rec. doc. 7, pg. 1].  On September 22, 2006, petitioner's request for discretionary review in the Louisiana Supreme Court was inexplicably denied as "Repetitive." *State of Louisiana ex rel. Tyrone Hypolite v. State of Louisiana*, 2006-0618 (La. 9/22/2006), 937 So.2d 381.[4]  Petitioner did not seek further direct review in the United States Supreme Court.

Petitioner has not filed any applications for post-conviction relief in the Louisiana state courts.

The instant federal *habeas corpus* petition was mailed to this court on October 16, 2006, and was received and filed by the Clerk of this court on October 18, 2006. Petitioner argues the following claims for relief: (1) that there was insufficient evidence to support his conviction; (2) that the trial court denied petitioner his constitutional right to represent himself at trial; (3) that his sentence was excessive; and (4) that the Third Circuit's error patent review remanding his case for disposition of the remaining seven charges was improper because those charges should have been dismissed.

## LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. § 2244(d) . *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834 citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

---

[4]Communication with the Clerk of the Louisiana Supreme Court reveals that petitioner filed only one writ in the Louisiana Supreme Court, that writ being the above referenced writ bearing docket number 2006-KH-0618.

Title 28 U.S.C. § 2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court.  This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ...." 28 U.S.C. § 2244(d)(1)(A).[5]

The statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2)  provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.   *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2).  However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d at 472 citing *Flanagan,* 154 F.3d at 199, n.1; *Melançon v. Kaylo*, 259 F.3d 401, 404 (5th Cir. 2001); *See also Salinas v. Cockrell*, 354 F.3d 425 (5th Cir. 2004). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

For purposes of the AEDPA one-year limitation period, petitioner's judgment of conviction became final at the latest on July 5, 2005, excluding legal holidays, thirty days

---

[5] Nothing in the record before the court suggests that the State created impediments which prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court which was made retroactively applicable to cases on collateral review.  Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [*See* 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].  Accordingly, those subsections are inapplicable.

4

after June 1, 2005, the date the Third Circuit Court of Appeals affirmed petitionher's armed robbery conviction and mailed notice of same.[6]  *See State of Louisiana v. Tyrone Hypolite*, 2004-1658 (La. App. 3 Cir. 6/1/2005), 903 So.2d 1275.  This is so because Louisiana Supreme Court Rule X, § 5(a) provides only a thirty day window of opportunity for a litigant to seek  review of an appellate court judgment.[7]   In this case, petitioner signed his Louisiana Supreme Court Writ Application on December 15, 2005. [*See* rec. doc. 9, pg. 3].   Therefore, that is the earliest date that the application could have been mailed to the Louisiana Supreme Court.  Thus, it is clear that petitioner's writ application was untimely and had no effect on the date that petitioner's conviction became final.  *See Leger v. Terrell,* 2007 WL 1655739, *4 (W.D.La. 2007); *Hamilton v. Cooper,* 2006 WL 3523913 (W.D.La. 2006); *McGee v. Cain*, 104 Fed.Appx. 989 (5th Cir. 2004) (unpublished) (a conviction becomes final for the AEDPA's limitations purposes on the date that the time expires for seeking a supervisory writ in the Louisiana Supreme Court, not the date that the Louisiana Supreme Court denies the untimely writ

---

[6]*See* fn. 3, *supra.*

Under Louisiana Code of Criminal Procedure article 922, petitioner's judgment of conviction became final on the date the time for filing an application for rehearing in the Third Circuit expired.  LSA C.Cr.P. art. 922(B). Under Louisiana Supreme Court Rule X,  § 5(a) the time for seeking review in the Louisiana Supreme Court is 30 days.  Because  §2244(d)(1)(A) provides that the period of limitations runs from "the expiration of the time for seeking [direct] review",  the undersigned has given petitioner the benefit of the longer period set forth in Rule X. Since Saturday, July 2, Sunday, July 3, and Monday, July 4, 2005 were holidays, the period for filing a timely writ application in the Louisiana Supreme Court expired on Tuesday, July 5, 2005.

[7] Supreme Court Rule X § 5(a) provides in part, "An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..."

application.)[8]; *Singleton v. Miller*, 2002 WL 922389, *1 fn. 18 (E.D.La. 2002).[9]

Petitioner's writ application to the Louisiana Supreme Court was untimely.

Accordingly, petitioner's  judgment of conviction became final for AEDPA purposes on

July 5, 2005, the date the time for seeking further direct review expired.  Petitioner had

one year from that date, or until July 5, 2006, within which to file his federal *habeas*

petition.

Pursuant to  § 2244(d)(2), petitioner would be entitled to statutory tolling of the

limitations period while a "properly filed" application for state collateral review may have

been pending in the Louisiana state courts.   However, petitioner's untimely December

15, 2005 filing was not "properly filed."  *Williams v. Cain*, 217 F.3d 303, 308 (5th Cir.

---

[8]  In *McGee*, the Fifth Circuit noted that the *habeas* petitioner's conviction was affirmed by the intermediate appellate court on April 8, 1998.  However, the petitioner failed to file his application for *certiorari* within the thirty-day limitations period established by Supreme Court Rule X, § 5(a).  The court then framed the issue as follows: "The issue is whether McGee's out-of-time filing of his request for a supervisory writ had any impact on either the commencement or the running of the limitations period." *McGee*, at 991. The court, citing *Salinas v. Dretke*, 354 F.3d 425 (5th Cir.2004), *cert. denied*, 124 S.Ct. 2099 (2004), then determined "that McGee's conviction became final for the AEDPA's limitations purposes on the date that the time expired for seeking a supervisory writ in the Louisiana Supreme Court, not the date that the Louisiana Supreme Court denied McGee's untimely writ application." *McGee*, at 991.   Further appellate review was not available when petitioner failed to comply with Rule X,  § 5(a); the application was therefore not "proper filed.".  *See Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000); *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 1812 (2005).  The untimely writ application therefore had no effect on the date that petitioner's conviction became final.

[9]In *Singleton* the court found as follows:
Louisiana Supreme Court Rule X, § 5(a) provides in pertinent part: 'An application seeking to review a judgment of the court of appeal after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal ....' Notice of the Court of Appeal's judgment was mailed on February 15, 1996. Rec. Doc. 7. Therefore, petitioner had only thirty days from that date to file a timely writ application with the Louisiana Supreme Court. Petitioner's application for a writ of review or certiorari was not even signed until July 16, 1997, and it was not actually filed with the Louisiana Supreme Court until July 29, 1997. State Rec., Vol. I of II. Accordingly, it was not timely and it had no effect on the date that petitioner's conviction became final.

2000); *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 1812 (2005); *See also Salinas v. Dretke*, 354 F.3d 425 (5th Cir.2004), *cert. denied*, 124 S.Ct. 2099 (2004)*;  McGee v. Cain*, 104 Fed.Appx. 989 (5th Cir. 2004) (unpublished);  *Leger v. Terrell,* 2007 WL 1655739, \*5 (W.D.La. 2007)*; Hamilton v. Cooper,* 2006 WL 3523913 (W.D.La. 2006).

Because the application was clearly untimely, it cannot be considered "properly filed" for purposes of statutory tolling.  *Williams* and *Pace, supra*.   Moreover, under Louisiana law, the right  to re-instate lapsed appellate review must be pursued via the collateral review process by filing an Application for Post-Conviction Relief seeking the restoration of such right in the district court.  *Leger,* at \*5; *Hamilton,* at \*4 and *McGee,* at 991-992 citing *State v. Counterman*, 475 So.2d 336, 338-339 (La. 1985);  La. C.Cr.P. art. 926(a). Petitioner's application, filed directly in the Louisiana Supreme Court, does not satisfy those procedural requisites.  Further, under the rationale set forth by the Fifth Circuit  in *Salinas  v. Dretke*, the AEDPA limitations period would be tolled only if petitioner sought and obtained leave to file an "out-of-time" writ request.[10] *See Salinas*, 354 F.3d at 430; *Leger,* at \*5*; Hamilton*, at \*4; *McGee*, at 991-992.  In his untimely December writ application, petitioner did not seek permission to file an "out-of-time" writ, and did not

---

[10]In *Salinas*, the court found that an "out-of-time petition for discretionary review is in the nature of habeas relief and that the grant of such relief 'tolls [the] AEDPA's statute of limitations until the date on which the court...declines to grant further relief ...."  *Id.*  The *McGee* court thus opined that "under the rationale set forth in *Salinas*, the AEDPA limitations period would be tolled only while McGee sought and obtained leave to file the out-of-time writ request." *McGee,* at 992.

In the instant case, petitioner did not seek leave to file an out-of-time writ request directly in the Louisiana Supreme Court or by post-conviction proceedings, nor was any such non-existent request granted.  Consequently, the limitations period was not tolled during the pendency of the application.

7

request reinstatement of the obviously lapsed limitations period; thus, permission to pursue further review was not obtained.[11]  For these reasons, petitioner's untimely writ application to the Louisiana Supreme Court was not "properly filed; the application had no effect and could not toll the limitations period.  *Leger,* at \*5*;  Hamilton*, at \*4.  Consequently, the limitations period was not statutorily tolled during the period between the filing of petitioner's untimely writ application and the Louisiana Supreme Court's writ denial.

    For the above reasons, petitioner cannot rely on the tolling provisions of 28 U.S.C. § 2244(d)(2) because his untimely writ application in the Louisiana Supreme Court was not a "properly filed" State post-conviction proceeding.

    Given that petitioner's judgment of conviction became final for AEDPA purposes on July 5, 2005, he therefore had one year, or until July 5, 2006 to file for federal *habeas* relief.  Petitioner had no "properly filed" state post conviction or other collateral proceedings during this time period which could have statutory tolled the running of the limitation period.  The instant petition was not filed until, at the earliest, October 16, 2006.  Therefore, the instant petition for federal writ of *habeas corpus* is barred by the federal one-year limitation period.

---

[11]The undersigned acknowledges that Louisiana jurisprudence does, in limited circumstances, permit litigants the opportunity to file a petition for out-of-time review directly in the Supreme Court.  *See State v. Jacobs*, 504 So.2d 817, 818 at fn. 1 (La. 1987).  However, in that case, the petitioner actually filed a "Motion for Delayed Appeal" which Motion was granted.  Here, petitioner did not move for reinstatement of his lapsed appellate rights. *See Leger,* at \*5 *fn. 10;  Hamilton*, at \*4 fn. 3.

Petitioner is also unable to rely upon the doctrine of equitable tolling  To be entitled to equitable tolling, petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida,* -- U.S. at --, 127 S.Ct. at 1085; *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005). *See also Coleman v. Thompson*, 184 F.3d 398, 402-403 (1999), *cert. denied* 120 S.Ct. 2564 (2000); *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000).

Petitioner has failed to demonstrate any extraordinary circumstance which in any way prevented his timely filing.  Neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling.  *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder*, 204 F.3d at 171 citing *Fisher*, 174 F.3d at 714.  *See also Coleman,* 184 F.3d at 402.  Moreover, even attorney error or neglect, such as is implied herein, is not such an extraordinary circumstance so as to justify the application of equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 847-48 (5th Cir. 2002).  This is so even in cases where a petitioner is harmed by the actions or inactions of his counsel.  *Id.*

Moreover, under the circumstances presented, the undersigned cannot find that petitioner diligently pursued federal *habeas* relief.  Here, petitioner did not attempt to reinstate his appellate rights, nor has he attempted to present his claims via post-conviction proceedings in the Louisiana state courts.  As the Fifth Circuit has noted, "equity is not intended for those who sleep on their rights."  *Coleman,* 184 F.3d at 402 citing  *Fisher v. Johnson,* 174 F.3d 710 (5th Cir.1999).

In accordance with the foregoing analysis, the undersigned finds that the instant petition is barred by the one-year limitation period codified at 28 U.S.C. § 2244(d), and accordingly, dismissal on this basis is warranted.

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE**  because the instant petition is barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A  party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Signed in Chambers, Lafayette,  Louisiana, on July 10, 2007.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE